O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#9

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
|---|---|---|---|
| Title | Fatima Palacios v. Saxon Mortgage Services, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers) Order Granting Saxon Mortgage Services, Inc.'s and Deutsche Bank National Trust's Motion to Dismiss.**

Pending before this Court is Saxon Mortgage Services, Inc.'s and Deutsche Bank National Trust's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court hereby GRANTS U.S. Bank National Association's motion.

I.      Background

According to plaintiff Fatima Palacios ("Palacios"), on March 6, 2007, she executed a mortgage loan that was underwritten by defendants Saxon Mortgage Services, Inc. ("Saxon") and Amerimax Lending, Inc. ("Amerimax"). She further alleges that during and after the execution of the loan, Saxon and Amerimax failed to explain certain statutory requirements to her, provide with her certain documents, and make certain disclosures to her.

Allegedly, at some undefined later point in time, defendant Deutsche Bank National Trust Co. ("Deutsche Bank" and, collectively with Saxon and Amerimax, "Defendants") took possession of the trust deed that memorialized this loan, despite "knowing" that Saxon and Amerimax had committed fraud at the inception of the loan process.

On December 16, 2008, Palacios filed suit in the Superior Court of the State of California for the County of Los Angeles, asserting a slew of state claims against Defendants as well as claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. Defendants timely removed

O

#9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
| --- | --- | --- | --- |
| Title | Fatima Palacios v. Saxon Mortgage Services, Inc., et al. | | |

the action to this Court on January 15, 2009, and now Saxon and Deutsche Bank move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.    Legal Standard

        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation and internal quotation marks omitted).

        In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F. 3d 1023, 1028 (9th Cir. 2003).

        Where a plaintiff proceeds pro se, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F. 3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints."). The Supreme Court has held that "a pro se complaint, however inartfully plead, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.    Discussion

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#9**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
|----------|------------------------|------|----------------|
| Title | Fatima Palacios v.  Saxon Mortgage Services, Inc., et al. | | |

A.    <u>Palacios' Failure to File an Opposition</u>

At the outset, the Court notes that Palacios failed to file an opposition to the instant motion to dismiss.  That is, in and of itself, sufficient reason to grant this motion.  *See* L.R. 7-12. However, as explained in more detail below, dismissal is also proper under the Federal Rules of Civil Procedure.

B.    <u>Saxon and Deutsche Bank's Motion to Dismiss</u>

Palacios alleges eight causes of action, each of which is evaluated in turn.

1.    <u>Palacios' California Business and Professions Code Claim</u>

Palacios' first cause of action is asserted under the California Business and Professions Code.  In particular, Palacios points to section 10240(a), which, in relevant part, provides that "[e]very real estate broker . . . who negotiates a loan" must "within three business days after receipt of a completed written loan application or before the borrower becomes obligated on the note, whichever is earlier, cause to be delivered to the borrower a statement in writing, containing all the information required by § 10241." Cal. Bus. & Prof. Code § 10240(a). According to Palacios, Defendants violated the California Business and Professions Code because they failed to submit the required material disclosures within three days.  *Compl.* ¶ 29. Saxon and Deutsche Bank, however, argue that this claim must be dismissed because Palacios has failed to sufficiently plead that they are real estate brokers who are subject to these disclosure requirements.  The Court agrees.

A real estate broker "is a person who, for a compensation or in expectation of a compensation, regardless of the form or time of payment, does or negotiates to do" one of five enumerated acts.  *See* Cal. Bus. & Prof. Code § 10131.  While Palacios' complaint makes passing reference to how Saxon allegedly "arranged" the loan for her, *see Compl.* ¶ 45, it is unclear whether she means that Saxon "brokered" the loan or prepared the loan for her. Additionally, she provides no facts indicating, among other things, that Saxon did this for compensation or in expectation of a compensation.  And, lastly, Palacios' complaint actually alleges that Saxon is not a real estate broker, but an underwriter.  *Id.* at ¶ 2.

At the very least, Palacios' complaint is so confusing that clarification is needed.  *See* Fed. R. Civ. P. 12(e).  It is also deficiently pleaded with respect to the issue of whether Saxon is a real estate broker within the meaning of this statute.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#9**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
|----------|----------------------|------|---------------|
| Title | Fatima Palacios v.  Saxon Mortgage Services, Inc., et al. | | |

So too has Palacios failed to adequately plead that Deutsche Bank is a real estate broker. In fact, the Court fails to see how Deutsche Bank could even be a real estate broker within the context of this transaction.  Deutsche Bank did not become inserted into this controversy until *after* the loan was consummated.  Thus, Deutsche Bank could not have possibly brokered the loan that is currently in dispute.

For the foregoing reasons, the Court GRANTS Saxon's and Deutsche Bank's Motion to Dismiss Palacios' first cause of action, without prejudice.

> 2.     Palacios' California Civil Code Claim

Palacios' second cause of action asserts a violation of the California Civil Code because Saxon and Deutsche Bank did not disclose the following statement: "IF YOU DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY."  *See* Cal. Civ. Code § 1102.6.  This provision only applies to real estate brokers or the transfer of property.  *See Pottinger v. Accredited Home Lenders, Inc.*, 2009 WL 616445 (E.D. Cal. Mar. 3, 2009) (dismissing similar complaint).  Since Palacios has not adequately pleaded that Saxon and Deutsche Bank are brokers, and does not allege that any property was transferred, the Court GRANTS Saxon's and Deutsche Bank's Motion to Dismiss Palacios' second cause of action, without prejudice.

> 3.     Palacios' California Financial Code Claim

Palacios' third cause of action alleges that Defendants failed to comply with the disclosure requirements of California Financial Code sections 4970 and 4973.  However, these provisions apply only if the transaction involves a "covered loan," which is:

> a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
>   (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.

O

#9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
|---|---|---|---|
| Title | Fatima Palacios v.  Saxon Mortgage Services, Inc., et al. | | |

(2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970.  Palacios pleads no facts indicating that the loan qualifies as a "covered loan" within the meaning of these provisions.  Rather, all she does is conclusorily allege that her "loan is a covered loan within the meaning of the aforementioned statute."  *Compl.* ¶ 38.  This is, however, insufficient.  As the Supreme Court made clear in *Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Accordingly, the Court GRANTS Saxon's and Deutsche Bank's Motion to Dismiss Palacios' third cause of action, without prejudice.

> 4.    Palacios' Breach of Fiduciary Duty Claim

Palacios further alleges that California Financial Code section 4979.5 created a fiduciary relationship between her and "Defendants," and that "Defendants" breached their fiduciary duty to her.  Section 4979.5 provides that:

> [A] person who provides brokerage services to a borrower in a covered loan transaction by soliciting lenders or otherwise negotiating a consumer loan secured by real property, is the fiduciary of the consumer, and any violation of the person's fiduciary duties shall be a violation of this section.  A broker who arranges a covered loan owes this fiduciary duty to the consumer regardless of who else the broker may be acting as an agent for in the course of the loan transaction.

Cal. Fin. Code § 4979.5.

As discussed above, Palacios has not adequately pleaded that Saxon and Deutsche Bank provided brokerage services.  Accordingly, it follows that Palacios has failed to adequately plead that a fiduciary relationship arose between Saxon and Deutsche Bank, on the one hand, and herself, on the other hand.  Therefore, the Court GRANTS Saxon's and Deutsche Bank's Motion to Dismiss Palacios' fourth cause of action, without prejudice.

> 5.    Palacios' TILA Claim

Palacios' fifth cause of action alleges a violation of TILA, and seeks both damages and rescission.  Saxon and Deutsche Bank presently move to dismiss this claim on two different

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#9**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
|---|---|---|---|
| Title | Fatima Palacios v.  Saxon Mortgage Services, Inc., et al. | | |

grounds.  First, they argue that are not creditors within the meaning and, second, they contend that the action is time-barred.

The applicable TILA provisions apply only to "creditors."  TILA defines a "creditor" as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement."  15 U.S.C. § 1602(f).  As the statute makes clear, whether one is a TILA creditor is a two-part question, requiring a person both to be a "creditor" in general, extending credit in a certain minimum number of transactions, and to be the "creditor" in the specific transaction in dispute.  *Id.*

In her complaint, Palacios fails to adequately plead that either Saxon or Deutsche Bank are creditors within the meaning of TILA.  Moreover, Palacios' complaint is inherently contradictory and fatally confusing.  Her cause of action switches, without rhyme or reason, between an unidentified "Defendant Lender" and unidentified "Defendant Lenders."  It is entirely unclear whether Palacios believes that there are one or two lenders in this case, and who the lenders in fact are.  Thus, her complaint does not adequately provide notice to the defendants of the causes of action asserted against her.  *See Erickson*, 551 U.S. at 94.

For the foregoing reasons, the Court GRANTS the Motion to Dismiss Palacios' fifth cause of action, without prejudice.

6.  <u>Palacios' RESPA Claim</u>

Palacios' sixth cause of action alleges that Defendants violated RESPA by failing to provide her with a good faith estimate of settlement service charges or of anticipated closing costs within three days of the consummation of the loan.  *Compl.* ¶¶ 64-65.  While RESPA requires each lender to provide the borrower with a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur,  12 U.S.C. § 2604(c), RESPA does not explicitly authorize a private remedy for breach of that duty.  *Pagtalunan v. Reunion Mortgage, Inc.*, 2009 WL 961995, *3 (N.D. Cal. Apr. 8, 2009) (citing *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367 (11th Cir. 1997)).  Therefore, the Court GRANTS the Motion to Dismiss Palacios' sixth cause of action, with prejudice.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#9**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
|---|---|---|---|
| Title | Fatima Palacios v.  Saxon Mortgage Services, Inc., et al. | | |

### 7.    Palacios' Fraud Claim

Palacios' seventh cause of action alleges that "Defendants" "fraudulently induced plaintiff into a 'stated' income loan knowing that plaintiff did not qualify for said loan." *Compl.* ¶ 68.  As Saxon and Deutsche Bank correctly note, Federal Rule of Civil procedure 9(b) requires plaintiffs to state the circumstances of fraud with particularity.  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  In this regard, it is necessary to plead items such as time, place and nature of the alleged fraudulent activities.  *Id.*

Plaintiff's single conclusory allegation is insufficient to state a claim for fraud under Rule 9(b).  The complaint does not allege facts informing Defendants of the allegations surrounding their alleged participation in the fraud, i.e., the circumstances constituting fraud, such as time, place and nature of the allegedly fraudulent activities.  Accordingly, the Court GRANTS the Motion to Dismiss Palacios' seventh cause of action, without prejudice.

### 8.    Palacios' Claim for Injunctive Relief Relief Claim

Palacios' eighth and final cause of action seeks "an injunction to enjoin defendant from any and all post-foreclosure steps to remove Plaintiff from the property until the legality of the mortgage instrument and the subsequent bona fides of the foreclosure transfer is determined by this Court." *Compl.* ¶ 71.  However, injunctive relief is a remedy, not a cause of action, and thus it must be tethered to some independent legal duty owed by the defendant to the plaintiff. *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159, 69 Cal. Rptr. 2d 692 (1997); *Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002).   Because this request for injunctive relief by itself does not state a cause of action, the Court GRANTS the Motion to Dismiss Palacios' eighth cause of action, with prejudice.

### IV.    Conclusion

For the foregoing reasons, the Court GRANTS Saxon's and Amerimax's Motion to Dismiss Palacios' First, Second, Third, Fourth, Fifth, and Seventh Causes of Action, without prejudice.  However, the Court GRANTS the Motion to Dismiss Palacios' Sixth and Eighth Causes of Action, with prejudice.

If Palacios so chooses to file an amended complaint, she must do so within **21 days**.  A

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0337 PSG (AJWx) | Date | July 10, 2009 |
|----------|------------------------|------|----------------|
| Title | Fatima Palacios v.  Saxon Mortgage Services, Inc., et al. | | |

failure to do so may result in the dismissal of this action.  Additionally, Palacios is reminded that although she is a pro se litigant, she is required to follow the same rules of procedure that govern other litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  This includes Federal Rule of Civil Procedure 11.  Thus, if Palacios chooses to file an amended complaint, she is advised that she must have a proper factual basis for her claims.


　　　　**IT IS SO ORDERED.**